FREEMAN, J.,
delivered the opinion of the Court.
Complainant alleges that Thomas W. Gray died, that Lindsay was his administrator, that he filed a petition in the County Court for the sale of the land for payment of debts; that the same was sold; that complainant became the purchaser at $800, a full and fair price, and has received a deed from the clerk of the County Court for the land. He then alleges that he has lately learned that his title to the land is defective, because said County Court had no jurisdiction to sell said realty, but that all the price paid by him had honestly gone to pay the debts of the intestate. He prays that the sale be confirmed.
Upon the fact stated, that the County .Court had no jurisdiction to sell the land, if it be true, and we cannot see how the fact is, except complainant so alleges it, the proceedings not being before us, then the question is, whether a court of Chancery can confirm a sale, made by a court without jurisdiction of the cause, a proceeding absolutely void. If, as assumed in the bill, the County Court had no jurisdiction of the case, the Chancery Court certainly cannot confirm the sale. That which is void cannot be confirmed.
The purchaser at a judicial sale, buys under the rule caveat emptor, has no warranty for his title, and must abide the result. We may add that the party has his deed, under which his title may be perfected by any statute of limitation. In addition, the bill goes on the idea that the County Court has no juris *653 diction to sell land of deceased persons for payment of debts, but we have held that that court has such jurisdiction at the present term, and if the land was sold for the payment of debts complainants title will be good, if the proceeding is regular.
Affirm the decree of the Chancellor, with. costs.